IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CARL R. BRANDON, #130780**                                                      **PLAINTIFF**

**VERSUS**                                                **CIVIL ACTION NO. 5:09-cv-35-DCB-MTP**

**FRANK DAVIS AND**
**BOARD OF SUPERVISORS**                                                          **DEFENDANTS**

ORDER

The Plaintiff, an inmate currently incarcerated in the Wilkinson County Correctional Facility, Woodville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named Defendants are Frank Davis and Board of Supervisors.

In Plaintiff's response [15] to this Court's order [13], Plaintiff added Marvin Lucas, Joe Dotson, Lee Curtis Young, Carl Hill and Bobby R. Claiborne as Defendants in this action. The Clerk will be directed to edit the docket accordingly.

Title 28 U.S.C. § 1915(e)(2)[1] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). A frivolous in forma pauperis

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

(A) the allegation of poverty is untrue; or
(B) the action or appeal--
    (i)     is frivolous or malicious;
    (ii)    fails to state a claim on which relief may be granted; or
    (iii)   seeks monetary relief against a defendant who is immune
    from such relief.

complaint may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it lacks an arguable basis in law or in fact. *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). As discussed below, the Plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against Defendant Board of Supervisors.

"Municipal liability under 42 U.S.C. § 1983 requires proof of '1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose 'moving force' is the policy or custom.'" *Rivera Ex Rel. Avila v. Houston Indep. School*, 349 F.3d 244, 247 (5th Cir. Nov 7, 2003) quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 584 (5th Cir. 2001) (citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978)). Plaintiff merely claims that Defendant Board of Supervisors is the "governing body of the county for the jail staff" therefore making them responsible for the Defendants alleged violations of his constitutional rights. *Resp*. [15], p. 3. "Municipal liability cannot be sustained under a theory of respondeat superior." *Rivera Ex Rel. Avila v. Houston Indep. School,* 349 F.3d 244, 247 (5th Cir. Nov 7, 2003) (quoting *Bd. Of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997)) . As such, the Board of Supervisors will be dismissed as a Defendant in this case. Upon review of the Court record, it is hereby,

ORDERED:

1. That the Clerk edit the docket to add Marvin Lucas, Joe Dotson, Lee Curtis Young, Carl Hill and Bobby R. Claiborne as Defendants in this cause.

2. That Board of Supervisors be dismissed, with prejudice, as a Defendant in this action.

3. That Plaintiff, within twenty days of the date of this order, shall provide this Court with the civil action number of every civil action or appeal which Plaintiff has had dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted. Plaintiff shall also provide the name of the court and name(s) of Defendant(s) in each civil action identified.

4. That the United States District Clerk is directed to issue summons to the Defendants:

SHERIFF FRANK DAVIS
Claiborne County Sheriff's Department
410 Market Street
Port Gibson, Mississippi 39150

MARVIN LUCAS
Claiborne County Sheriff's Department
410 Market Street
Port Gibson, Mississippi 39150

JOE DOTSON
Claiborne County Sheriff's Department
410 Market Street
Port Gibson, Mississippi 39150

LEE CURTIS YOUNG
Claiborne County Sheriff's Department
410 Market Street
Port Gibson, Mississippi 39150

CARL HILL
Claiborne County Sheriff's Department
410 Market Street
Port Gibson, Mississippi 39150

BOBBY R. CLAIBORNE
Claiborne County Sheriff's Department
410 Market Street
Port Gibson, Mississippi 39150

Each Defendant is required to file a response to the complaint. The Clerk is directed to attach a copy of this Order, and Plaintiff's responses [9 & 15] filed May 1, 2009 and August 5, 2009, to each complaint that will be served on the named Defendants. The United States Marshal shall serve the same pursuant to 28 U.S.C. § 1915(d).

    5. That the Defendants shall file their answer or other responsive pleading in this cause in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. However, motions addressing the exhaustion of the Plaintiff's administrative remedies shall be filed within 15 days from the date of the answer.

    6. That subpoenas shall not be issued except by order of the Court. The United States District Clerk shall not issue subpoenas upon request of the *pro se* litigant, but shall instead forward the request to the Magistrate Judge assigned to this cause for review. Plaintiff shall submit all request for the issuance of subpoenas to the Magistrate Judge's office for review.

    7. That, as provided for in the Federal Rules of Civil Procedure, discovery is stayed until further order of this Court.

    8. That as provided in 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, this Court may designate and assign a Magistrate Judge to hear a prisoner petition challenging the conditions of confinement. This Court hereby refers this cause to **United States Magistrate Michael T. Parker** for all further proceedings provided for by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure to include conducting hearings and submitting to the District Judge assigned to this cause proposed findings of fact and recommendations for the disposition of this cause.

    **It is Plaintiff's responsibility to prosecute this case. Failure to advise this Court of a**

**change of address or failure to comply with any Order of this Court will be deemed as a purposeful delay and contumacious act by Plaintiff and may result in the dismissal of this case.**

      SO ORDERED, this the   7th    day of October, 2009.

                                      s/David Bramlette
                                      UNITED STATES DISTRICT JUDGE