**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**CARL R. BRANDON**                                                                                  **PLAINTIFF**

**V.**                                                            **CIVIL ACTION NO. 5:09cv35-DCB-MTP**

**FRANK DAVIS, ET AL.**                                                                          **DEFENDANTS**

**ORDER**

THIS MATTER is before the court on the Defendants' Motion [30] to Strike Plaintiff's Response to Motion to Dismiss and Motion [31] to Strike Plaintiff's Response to Defendants' Answer and Defenses. Having considered the motions and the applicable law, the court finds that the Defendants' Motion [30] to Strike Plaintiff's Response to Motion to Dismiss should be DENIED, and that Defendants' Motion [31] to Strike Plaintiff's Response to Defendants' Answer and Defenses should be GRANTED.

Defendants claim that Plaintiff's Response [27] in opposition to Defendants' Answer and Affirmative Defenses [21] should be stricken because it contains self-serving statements and statements which contradict prior statements made by Plaintiff. Plaintiff previously sought an extension of time to file a reply to Defendants' Answer, and the court denied the motion finding that such pleading is not required under the Federal Rules of Civil Procedure,[1] and that a reply to Defendants' Answer was unnecessary in this case. *See* Motion [25]; Order [26]. Accordingly, Defendants' Motion [31] to Strike the Response [27] should be granted.

In their Motion [30] to Strike Plaintiff's Response to Motion to Dismiss, Defendants

---

[1]Only the following pleadings are allowed under the Federal Rules: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) **if the court orders one, a reply to an answer**." Fed. R. Civ. P. 7(a) (emphasis added).

claim the Response [28] should be stricken because he attempts to offer "unspecified and indistinct 'documentation' that which fails to comply with Federal Rule of Civil Procedure 56(e)." Defendants further claim that Plaintiff's response conflicts with statements made in prior pleadings. Because *pro se* litigants' pleadings are entitled to liberal construction and are held to less stringent standards, the court finds that the Motion [30] to Strike should be denied.[2] *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly,

IT IS, THEREFORE, ORDERED:

1. That Defendants' Motion [30] to Strike Plaintiff's Response to Motion to Dismiss is DENIED; and

2. That Defendants' Motion [31] to Strike Plaintiff's Response to Defendants' Answer and Defenses is GRANTED.

SO ORDERED this the 29th day of December, 2009.

s/ Michael T. Parker<br>United States Magistrate Judge

---

[2] In making this finding, the court in no way concludes that Plaintiff's arguments are meritorious.