**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

CARL R. BRANDON                                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 5:09cv35-DCB-MTP

FRANK DAVIS, ET AL.                                                                           DEFENDANTS

**ORDER**

THIS MATTER is before the court on the Plaintiff's Motion to Reinstate and Motion to Show Cause [33]. Having considered the motion and the applicable law, the court finds that the Motion [33] should be denied.

On December 29, 2009, the court entered an Order [32] denying Defendants' Motion [30] to Strike Plaintiff's Response to Motion to Dismiss, reasoning that *pro se* litigants' pleadings are entitled to liberal construction and are held to less stringent standards. The court granted Defendants' Motion [31] to Strike Plaintiff's Response [27] to Defendants' Answer and Defenses because the court had previously entered an Order [26] finding that a response to an answer is not required under the Federal Rules of Civil Procedure,[1] and was unnecessary in this case. *See* Orders [26] [32].

The court liberally construes Plaintiff's Motion to Reinstate and Motion to Show Cause [33] as a motion to reconsider the court's Order [32] granting Defendant's Motion [31] to Strike Plaintiff's Response [27] to Defendants' Answer and Defenses. Amongst Plaintiff's recitation of misplaced legal terms and authorities, Plaintiff complains that the court ruled on the Defendants'

---

[1]Only the following pleadings are allowed under the Federal Rules: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) **if the court orders one, a reply to an answer**." Fed. R. Civ. P. 7(a) (emphasis added).

motions to strike before he was given an opportunity to file a response within the time allotted by the Local Rules.

This court enjoys the inherent power to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure."[2] *McDonald v. Entergy Operations, Inc.*, No. 5:03cv241BN, 2005 WL 1528611, at *1 (S.D. Miss. 2005). This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at *1 (citations omitted), and its purpose "is not to re-debate the merits of a particular motion." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000). Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider."

---

[2] Rule 59(e) is not technically applicable to Plaintiff's Motion [33] since the Order [32] was not a final "judgment." *See* Fed. R. Civ. P. 54; 59(e); 72. However, several district courts within the Fifth Circuit have applied the legal standards set forth in Rule 59(e) to motions to reconsider interlocutory orders. *See W.C. Bulley v. Fid. Fin. Servs. of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *2 (S.D. Miss. Sept. 8, 2000); *Goldman*, 2006 WL 861016, at *1; *Martinez v. Bohls Equip.Co.*, No. SA-04-CA-0120-XR, 2005 WL 1712214, at *1 (July 18, 2005). Accordingly, the court will apply the same standard to the instant motion. As set forth below, the court will also address the motion under Rule 60(b).

*Id.*

There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at *2 (citations omitted). If one of these three grounds is not present, the court must deny the motion. *Id.* at *3. As Plaintiff has failed to demonstrate any of these grounds, the motion must be denied.

In his Motion [33], Plaintiff also seeks relief under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides in part as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) only applies to "final" orders or judgments by its express language. *Fowler v. First Chem. Corp.*, No. 2:05cv16-KS-MTP, 2006 WL 2423043, at *2 (S.D. Miss. Aug. 21, 2006) (holding that plaintiff could not move for relief under Rule 60(b) because the order denying plaintiff's motion to remand was not a "final" order). "A final judgment is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the

3

judgment.'" *Fowler*, 2006 WL 2423043, at *2 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). The court's Order [32] denying Defendants' Motion to Strike [30] and granting Defendants' Motion to Strike [31] was not a "final order," since it did not dispose of this action on its merits. Accordingly, Plaintiff is not entitled to relief from the court's Order [32] under Rule 60(b). *See Amos v. Virginia Employment Comm'n*, No. 4:05cv5, 2005 WL 2010156, at *1 (W.D. Va. Aug. 19, 2005) (denying plaintiff's Rule 60 motion, holding that the order denying plaintiff's motion for leave to amend was interlocutory in nature, and therefore, reconsideration of the order under Rule 60 was inappropriate); *Cordillo v. Sos*, No. 90 Civ. 9 (WCC), 1992 WL 36136, at *1 (S.D. N.Y. Feb. 18, 1992) (holding that defendants' Rule 60 motion was not an appropriate basis for relief since the court's order permitting plaintiff to amend her complaint was an interlocutory order).

Regardless of the style of Plaintiff's motion, the court finds that Plaintiff is not entitled to relief. While Plaintiff is correct in his assertion that the court ruled on Defendants' motions before giving Plaintiff an opportunity to respond, the court had already addressed this issue in a prior ruling and Plaintiff suffered no prejudice by the rulings. The court denied one motion, and granted the other because the court had already made a previous ruling that the pleading at issue need not be filed. *See* Order [26]. The Order [32] did not dispose of any of Plaintiff's claims. While Plaintiff attempts to construe Defendants' Answer and Defenses as a motion for summary judgment, the court does not construe it as such. Defendants have filed a Motion to Dismiss for Failure to Exhaust Administrative Remedies [24], and the Plaintiff filed a Response [28] to the Motion. Accordingly,

4

IT IS, THEREFORE, ORDERED:

That Plaintiff's Motion to Reinstate and Motion to Show Cause [33] is DENIED.

SO ORDERED this the 8th day of January, 2010.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge