IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CARL R. BRANDON                                                                    PLAINTIFF

VS.                                                   CIVIL ACTION NO. 5:09CV35-DCB-MTP

FRANK DAVIS, et al.                                                              DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the court upon the Motion to Dismiss for Failure to Exhaust Administrative Remedies [24] filed by Defendants. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the motion be granted.

### Factual Background

Plaintiff Carl R. Brandon, proceeding *pro se* and *in forma pauperis,* filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on March 17, 2009. In his Complaint, Plaintiff alleges claims against Defendants for cruel and unusual punishment, inadequate living conditions, denial of adequate yard call, denial of dental treatment, and violation of his equal protection rights. These events allegedly occurred during the time period March 17, 2006 to July 19, 2007, while Plaintiff was a pretrial detainee at the Claiborne County Jail (the "Jail") in Port Gibson, Mississippi. Plaintiff is currently incarcerated at the Wilkinson County Correctional Facility ("WCCF") serving a seventy-year sentence after having been convicted of manslaughter, aggravated assault, and shooting into a dwelling in Claiborne County.

On December 4, 2009, Defendants filed their Motion to Dismiss for Failure to Exhaust Administrative Remedies [24]. Plaintiff filed his Response [28] to the motion on December 16, 2009, and Defendants filed their Reply [29] on December 21, 2009.

Standard

Because Defendants have submitted matters outside the pleadings with their Motion to Dismiss [24], the motion should be characterized as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991). This court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 708, 712.

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A.*, *Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the

necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## Analysis

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty. Med. Dep't*, 266 Fed. App'x 315, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008) (stating that under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules"). "Indeed . . . a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process." *Woodford*, 548 U.S. at 85. Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, --- F.3d ----, 2010 WL 378306, at *2 (5th Cir. Feb. 4, 2010).

"Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon*, 2010 WL 378306, at *2. The Fifth Circuit has held that "Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion

3

without the participation of a jury." *Id*. at *7.

Defendants claim that Plaintiff's complaint should be dismissed for failure to properly exhaust his administrative remedies. In support of their Motion [24], Defendants submitted the Claiborne County Jail Inmate Rules and Regulations, Plaintiff's acknowledgment of receipt of same, and the affidavits of Mae Lush, Carl Hill, and Frank Davis. *See* Exs. A-E to Motion [24] and Reply [29].

Defendants submit that at all times pertinent to this action, the Jail had implemented an administrative grievance procedure to allow inmates to express complaints regarding living conditions or other concerns. *See* Exs. A, B, D, and E to Motion [24] and Reply [29]. The Jail's Rules and Regulations handbook outlines the procedures to be followed by inmates housed in the Jail. *See* Ex. A to Motion [24]. The procedure provides as follows:

> All inmates shall be entitled to voice any grievance to the Jail Administrator. The Jail Administrator shall give prompt and fair consideration to any grievance. If the inmate is not satisfied with the action taken by the Jail Administrator in disposing of the grievance, the Jail Administrator shall provide the inmate with paper, pencil and an envelope with which the inmate may set forth his grievance in writing and his objection to the disposition of the grievance and seal the same in the envelope. The Jail Administrator shall immediately deliver the sealed document to the Sheriff.

*See* Ex. A to Motion [24] at pp. 8-9. The record reflects that Plaintiff signed an acknowledgment stating that received a copy of the Rules and Regulations on March 17, 2006, and that Officer Carl Hill explained them to his understanding. *See* Ex. C to Motion [24]. Moreover, Carl Hill's affidavit reflects that he witnessed Plaintiff sign the acknowledgment and Plaintiff had no questions regarding the procedure. Ex. D to Motion [24].

As Defendants point out, Plaintiff specifically acknowledges in his Complaint and several subsequent pleadings that he did not exhaust his administrative remedies. In his

4

Complaint [1], Plaintiff marked "No" to the question of whether he presented the facts relating to his complaint in the administrative grievance procedure. *See* Complaint [1] at 3. His explanation as to why he did not file a grievance states, "no redress via administrative remedy for constitutional violations in Claiborne Co., MS." *Id.* Likewise, in his Memorandum [9] in support of his complaint, he states, "Plaintiff did not present these claims via the administrative remedy program. . . . These claims are not addressable via the prison administrative remedy program." *See* Memorandum [9] at 4. Plaintiff again makes this admission in his Response [15] filed August 5, 2009. *See* Response [15] at 7.

In his Response [28] in opposition to the Motion to Dismiss [24], Plaintiff states that he had many discussions with Jail Administrator Marvin Lucas in which he voiced his grievances, and he claims that Lucas was the only Jail Administrator at the Jail during the relevant time period. This is the first time Plaintiff makes this claim, which contradicts his sworn statements made in prior pleadings as set forth above. *See Ware v. Frantz*, 87 F. Supp. 2d 643, 647 (S.D. Miss. 1999) (quoting *Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223, 228 (5th Cir.1984)) (holding that "the non-movant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, [his] previous testimony"). Even assuming Plaintiff did verbally voice his grievances to Lucas, there is no evidence or allegation that he put such grievances in writing, as he was required to do if unsatisfied with the action taken by the Jail Administrator.[1] *See* Ex. A to Motion [24] at pp. 8-9. The Rules and Regulations state that the Jail Administrator shall immediately deliver all written grievances to

---

[1]Plaintiff's claim that nothing is mentioned in the Rules and Regulations about putting grievances in writing is clearly without merit as evidenced by Ex. A quoted above.

the Sheriff. *Id.* In his Response, Plaintiff claims, for the first time, that "documentation will show that Defendant Frank Davis, Sheriff received a number of grievances concerning my mistreatments and other living condition (sic) during my stay at the . . . Jail." Response [28] at 2. However, as set forth in Sheriff Frank Davis's sworn affidavit, Plaintiff did not present any of his claims via the grievance program. *See* Ex. E to Reply [29]. Moreover, to date, Plaintiff has failed to present the alleged "documentation"supporting his claims.

Plaintiff has failed to come forth with adequate proof to rebut Defendants' allegations that he failed to exhaust his administrative remedies. *See supra, Ware*, 87 F. Supp. 2d at 647. His unsubstantiated assertions are insufficient to create a real controversy regarding material facts. *See Hopper*, 16 F.3d at 96-97. He has also failed to demonstrate that he should be excused from the requirement to exhaust.[2]

> As stated by the United States Supreme Court:
>
> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Woodford*, 548 U.S. at 95. Because Plaintiff did not properly follow the Jail's administrative grievance procedures, he has failed to exhaust his administrative remedies as required by 42

---

[2]The Fifth Circuit has recognized as an excuse from the exhaustion requirement "circumstances where administrative remedies are inadequate because prison officials have ignored or interfered with a prisoner's pursuit of an administrative remedy." *Johnson*, 261 Fed. App'x at 755 (citing *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982)). Further, a prisoner's failure to exhaust "may be excused where dismissal would be inefficient or would not further the interests of justice or the purposes of the exhaustion requirement." *Id.* (citing *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *overruled on other grounds by Carbe v. Lappin*, 492 F.3d 325 (5th Cir. 2007)).

U.S.C. § 1997e(a). *See id.*; *see also Johnson*, 261 Fed. App'x at 757 (dismissing prisoner complaint for failure to exhaust administrative remedies based on untimely filing of grievance); *Lane*, 2008 WL 116333 at *1 (affirming dismissal of prisoner complaint for failure to exhaust administrative remedies by failing to complete administrative review process); *Agee v. Berkebile*, No. 3:07-CV-1070-B, 2008 WL 199906, at *3 (N.D. Tex. Jan. 24, 2008) (holding that by failing to resubmit a corrected version of procedurally defective grievance, prisoner "voluntarily halted the administrative process prematurely" and therefore did not exhaust his administrative remedies). Accordingly, Defendants' Motion [24] should be granted and this action should be dismissed.

## Recommendation

For the foregoing reasons, the undersigned recommends that Defendants' Motion [24] be granted, and that this action be dismissed without prejudice for Plaintiff's failure to exhaust.

## Notice of Right to Object

In accordance with the rules of 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this Recommendation, may serve and file written objections to the recommendations, with a copy to the Judge, the Magistrate Judge, and the opposing party. The District Judge may at that time accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or the District Judge may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual

findings and legal conclusions accepted by the District Court to which the party has not objected.

*Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 1st day of March, 2010.

                                                  s/ Michael T. Parker
                                                  United States Magistrate Judge