**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

CARL R. BRANDON                                                    PLAINTIFF

VERSUS                                    CIVIL ACTION NO: 5:09-cv-35-DCB-MTP

FRANK DAVIS, et al.                                               DEFENDANTS

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation of March 1, 2010 [docket entry no. 37]. Therein, Magistrate Judge Parker recommends that the defendants' Motion to Dismiss [docket entry no. 24} should be granted and this action should be dismissed. Also before the Court is the plaintiff's Motion for Review of Magistrate Order [docket entry no. 35] and Motion for Writ of Certiorari [docket entry no. 46]. Having reviewed the Report and Recommendation, the plaintiff's objections thereto, the plaintiff's Motions, the Responses, and applicable statutory and case law, the Court finds and orders as follows:

Plaintiff Carl R. Brandon[1] ("Brandon") commenced this lawsuit against Sheriff Frank Davis, Marvin Lucas, Joe Dotson, Lee Curtis Young, Carl Hill, and Bobby R. Claiborne ("defendants") in this Court on March 17, 2009. Brandon filed his Complaint [docket entry no. 1] pursuant to 42 U.S.C. § 1983, and, therein, alleges claims against the defendants for cruel and unusual punishment, inadequate living conditions, denial of adequate yard call, denial of dental

---

[1] The plaintiff is proceeding *pro se* and *in forma pauperis*.

treatment, and violation of his equal protection rights. Compl. at 4. Brandon alleges that these events occurred during the time period March 17, 2006 to July 19, 2007, while he was a pretrial detainee at the Claiborne County Jail in Port Gibson, Mississippi. Report & Recommendation, at 1. He is now an inmate at Wilkinson County Correctional Facility in Wilkinson County, Mississippi.

The defendants filed a Motion to Dismiss for Failure to Exhaust Administrative Remedies [docket entry no. 24] on December 4, 2009. Brandon filed his Response [docket entry no. 28] on December 16, 2009. In the Report and Recommendation, filed on March 1, 2010, the Magistrate Judge concluded that Brandon did not exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and, therefore, the defendants' Motion to Dismiss should be granted. Specifically, the Magistrate Judge determined that there was a proper grievance procedure available to Brandon, he did not utilize the grievance procedure, and, in fact, he concedes in his Complaint and other documents filed with the Court that he failed to exhaust his administrative remedies.

Brandon filed his Objections [docket entry no. 38] to the Report and Recommendation on March 11, 2010. Therein, he attached numerous exhibits but only posited one objection. He argues that according to the Claiborne County Jail Rules and Regulations Manual, a complainant "may" set forth his grievance in writing to

the jail administrator, but the complainant is not required to do so. That is, Brandon claims that he was not required by the Rules and Regulations to exhaust his grievance through the administrative remedy process.

Brandon's objection is without merit. The issue presented before the Court is not what the Claiborne County Jail Rules and Regulations required of complainants. Rather, the issue is what is required by the PLRA. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In regards to § 1997e(a), the Fifth Circuit stated that "[p]roper exhaustion is required, meaning that the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules." Lane v. Harris County Medical Dept., 266 Fed. Appx. 315, 2008 WL 116333, at *1 (5th Cir. 2008)(unpublished)(citing Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2385-88, 165 L. Ed. 2d 368 (2006)). Further, exhaustion "is mandatory," and "a prisoner must now exhaust administrative remedies even where the relief sought – monetary damages – cannot be granted by the administrative process." Woodford, 548 U.S. at 85.

In the instant case, Brandon does not deny that a proper

3

administrative remedy was available.[2]  Indeed, he concedes in his Objections to the Report and Recommendation [docket entry no. 38], in his Complaint [docket entry no. 1], in his Memorandum supporting his Complaint filed on May 1, 2009 [docket entry no. 9], and in his Response to Court Order [docket entry no. 15] filed on August 5, 2009, that he did not exhaust his administrative remedies.  As a result, Brandon is barred from bringing the instant claim.

After a de novo review of the portions of the Report and Recommendation to which the plaintiff has objected, the Court is unable to find any error.  The Court is satisfied that the Magistrate Judge has undertaken an extensive examination of the issues in this case and has issued a thorough opinion.

In regard to Brandon's Motion for Review of Magistrate Order, the Court is of the opinion that the Magistrate Judge's Order was not clearly erroneous or contrary to law.  In his Order [docket

---

[2] The Claiborne County Jail's Rules and Regulations handbook, which was provided to Brandon when he was admitted to the jail, provides:

> All inmates shall be entitled to voice any grievance to the Jail Administrator.  The Jail Administrator shall give prompt and fair consideration to any grievance.  If the inmate is not satisfied with the action take by the Jail Administrator in disposing of the grievance, the Jail Administrator shall provide the inmate with paper, pencil, and an envelope with which the inmate may set forth his grievance in writing and his objection to the disposition of the grievance and seal the same in the envelope.  The Jail Administrator shall immediately deliver the sealed document to the Sheriff.

Report and Recommendation, at 4.

entry no. 34] the Magistrate Judge denied Brandon's Motion to Reinstate and Motion to Show Cause [docket entry 33]. On December 29, 2009, the Magistrate Judge granted the defendants' Motion to Strike from the record the plaintiff's response to the defendants' Answer and Defenses. Inasmuch as a Response to the defendants' Answer and Defenses is not required under the Federal Rules of Civil Procedure and the Magistrate Judge had already made a previous ruling that the plaintiff's Response need not be filed, this Court is unable to find any error in the Magistrate Judge's decision to strike Brandon's Response. Therefore, Brandon's Motion for Review of Magistrate Order should be denied.

Finally, in regard to Brandon's Petition for Writ of Certiorari, the Court finds that this Petition is without merit. Brandon seeks a petition from this Court in order to appeal to the Fifth Circuit Court of Appeals a decision of the Magistrate Judge which denied Brandon's requests for the arrest of Willie Mae Lush, a jail employee Brandon wanted charged with perjury. As the Magistrate Judge correctly concluded, criminal charges may not be sought pursuant to 42 U.S.C. § 1983. Madden v. Harrison County, 2020 WL 1238972, at *4 (S.D. Miss. Feb. 25, 2010)(citing Jones b. Conway, 1992 WL 185578, at *1 (E.D. Pa. June 21, 1992). Further, there is no constitutional right to have someone criminally prosecuted. Madden, 2020 WL 1238972, at *4(citing Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990)). Thus, Brandon's

Petition should be denied.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [docket entry no. 37] is **ADOPTED**.

**IT IS FURTHER ORDERED** that the plaintiff's Objection (docket entry no. 38) to the Magistrate Judge's Report and Recommendation is **OVERRULED**.

**IT IS FURTHER ORDERED** that the plaintiff's Complaint (docket entry no. 1), brought pursuant to 42 U.S.C. § 1983, is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the defendant's Motion to Dismiss [docket entry no. 24] is **GRANTED.**

A separate final judgment will be entered herein in accordance with this Order and as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 26th day of July 2010.

                                                 s/ David Bramlette

                                                 **UNITED STATES DISTRICT JUDGE**